UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **James L. Roudabush, Jr.** | : | |
| | : | CIV. ACTION NO. 15-5944(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| **J. Hollingsworth, Warden et al.,** | : | |
| | : | |
| Respondents. | : | |

**BUMB**, U.S. District Judge

    Plaintiff, a prisoner confined at FCI Fort Dix, submitted a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleged his life is in danger because he is not receiving medical attention for his volatile blood pressure. (Id.) Petitioner further alleged Defendants refuse him medical care in retaliation for exercise of his constitutional rights. (Id.) Most of Petitioner's claims in this rambling petition appear to be duplicative of claims being litigated in Plaintiff's pending Bivens action, Roudabush v. Bittinger, 15cv3185(RMB).[1]

---

[1] At issue in Plaintiff's Bivens' action is whether he may file a civil rights case *in forma pauperis* under the imminent danger exception to the three strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

"When the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action under [Bivens or] § 1983 is appropriate." McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010) (quoting Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Here, Petitioner's retaliation and medical care claims would not alter his sentence or undo his conviction. Therefore, in the accompanying order filed herewith, this Court will dismiss the present petition for lack of jurisdiction. To the extent Petitioner has any conditions of confinement claims that are not duplicative of claims in one his pending actions, he should file those claims in a new Bivens action.

        s/Renée Marie Bumb
        **Renée Marie Bumb**
        **United States District Judge**

Dated: August 6, 2015